**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

NURIDDIN ASATOV,                          )
                                          )
        Petitioner,                      )
                                          )
v.                                        )          Case No. CIV-26-634-J
                                          )
CIMARRON CORRECTIONAL FACILITY,   )
et al.,                                   )
                                          )
        Respondents.                     )

## ORDER

Petitioner Nuriddin Asatov, a citizen of Uzbekistan, is currently in the custody of Immigration and Customs Enforcement (ICE).  He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing.  [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Judge Maxfield issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within seven days or otherwise release him.  Judge Maxfield also recommended that the Court order the Government to bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention.  (Rep. & Rec.) [Doc. No. 10].  Respondents filed a timely objection (Obj.) [Doc. No. 11], triggering de novo review.  *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner entered the United States in December 2021 and was shortly thereafter detained and released by ICE.  In August 2024, an immigration judge granted Petitioner asylum; however, ICE appealed and that decision is still pending.  ICE re-detained Petitioner in February 2026 and

he remains in custody without a hearing.  In relevant part, Judge Maxfield concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1225(b)(2)(A); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act (INA).  *See* Rep. & Rec. at 6-9.  As noted above, Judge Maxfield also found that Petitioner's lack of hearing violates his due process rights and as such, the Government should bear the burden at the bond hearing.  *See id.* at 9-22.

Respondents first object to Judge Maxfield's conclusion that § 1226(a) applies to Petitioner. *See* Obj. at 1-2.  The Tenth Circuit, however, has now held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *5 (10th Cir. 2026); *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026).  Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.

Respondents next object to Judge Maxfield's conclusion that Petitioner's lack of hearing violates due process and that at any bond hearing, the burden should be on the Government. *See* Obj. at 3-5.  The Court declines to address Petitioner's due process claim, thus mooting the objection.  Additionally, the Court finds that the issue of burden shifting is premature and not fit for adjudication at this stage.  *See Saidi v. Lyons*, No. CIV-26-738-J, 2026 WL 1333410, at *1 (W.D. Okla. May 13, 2026) (collecting cases).  Thus, the Court declines to issue an advisory opinion instructing application of a particular burden of proof.

For the reasons above, the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and Petitioner's Petition is GRANTED IN PART in so far as it alleges Respondents violated

the INA.  The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to

8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing

occurs within that period.  The Report and Recommendation is DECLINED IN PART as the Court

declines to issue an advisory opinion regarding the burden of proof.

Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 6th day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE